United States District Court

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ROSALYNN ALAIMALO, et al.,                    No. C 13-3146 MMC

11              Plaintiffs,

12        v.                                        **ORDER GRANTING DEFENDANT
                                                    GLAXOSMITHKLINE LLC'S MOTION TO
13   MCKESSON CORPORATION, et al.,                  STAY; VACATING SEPTEMBER 6, 2013
                                                    HEARING**
14              Defendants.
                                         /
15

16        Before the Court is defendant GlaxoSmithKline LLC's motion, filed July 22, 2013, to

17   "Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation to

18   MDL 1871 (E.D.PA)."  Plaintiffs have filed opposition, to which defendant has replied.

19   Having read and considered the papers filed in support of and in opposition to the motion,[1]

20   the Court deems the matter suitable for decision on the parties' respective written

21   submissions, VACATES the hearing scheduled for September 6, 2013, and rules as

22   follows.

23        The instant complaint "involves claims of death, personal injury, economic damages,

24   punitive damages, and other claims of damage" arising from the use of Avianda[2]

25   _____

26        [1]After briefing was complete, plaintiffs filed a Motion for Leave to File Sur-reply,
     attached to which is a proposed sur-reply, to which defendant has responded.  The Court
27   has considered the matters set forth in the proposed sur-reply and in defendant's response
     thereto, and, accordingly, plaintiffs' motion for leave is GRANTED.

28        [2] "Avianda" is one of several trade names for the pharmaceutical compound
     Rosiglitazone.  (See Compl. ¶ 1.)

1   (see Compl. ¶ 1), brought on behalf of sixty-six named plaintiffs.  A number of complaints

2   raising similar claims are pending in a coordinated proceeding in the Eastern District of

3   Pennsylvania, titled In re: Avandia Marketing, Sales Practices and Products Liability

4   Litigation, MDL No. 1871.  (See Boranian Decl., filed July 22, 2013, ¶¶ 2, 3.)  On July 18,

5   2013, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the

6   instant action to the Eastern District of Pennsylvania.  See In re: Avandia Marketing, Sales

7   Practices and Products Liability Litigation, MDL No. 1871, Doc. No. 1059.  On August 7,

8   2013, plaintiffs filed a motion to vacate the conditional transfer order, see id., Doc. No.

9   1108; defendant's opposition thereto was filed August 23, 2013, see id., Doc. No. 1138,

10  and the JPML has set the matter for hearing on September 26, 2013, see id., Doc. No.

11  1120.

12          Defendant requests this Court issue an order staying proceedings in the instant

13  action pending the JPML's determination as to whether transfer is appropriate.  Other than

14  defendant's motion to stay, the only matter pending before the Court is plaintiffs' motion to

15  remand, also noticed for hearing September 6, 2013.  Accordingly, the issue now

16  presented is, in effect, whether the Court should consider the merits of plaintiffs' motion to

17  remand, or, instead, stay the instant action, with the understanding that, in the event of

18  transfer, the motion will be heard by the transferee court.

19          Because a decision as to whether the instant action will be transferred will, in all

20  likelihood, be made shortly by the JPML, the stay sought by defendant likely will be of

21  limited duration.  In light of the anticipated brevity of the stay, and no significant prejudice

22  resulting from such stay having been identified by plaintiffs, the Court, in the interests of

23  conserving judicial resources and promoting consistency in the determination of common

24  issues,[3] finds a stay of the proceedings is appropriate.  See Rivers v. Walt Disney Co., 980

25

26          [3] The issues presented by plaintiffs' motion to remand are whether McKesson
    Corporation is fraudulently joined as a defendant and whether the case is removable as a
27  "mass action" pursuant to 28 U.S.C. § 1332(d)(11).  The same issues have been raised in
    motions to remand filed in a number of other actions currently pending in this district, which
28  actions have been stayed pending a decision by the JPML as to transfer to the Eastern

1  F. Supp. 1358, 1360 (C.D. Cal 1997) (identifying factors for court to consider when

2  determining whether to stay action pending decision by JPML).

3         Accordingly, defendant's motion for a stay is hereby GRANTED.

4         In light of the stay, the September 6, 2013 hearing on plaintiffs' motion to remand is

5  hereby VACATED.

6         **IT IS SO ORDERED.**

7
   Dated:  August 29, 2013
8                                              MAXINE M. CHESNEY
                                               United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  District of Pennsylvania.  <u>See, e.g., Flores v. McKesson Corp.</u>, C. 13-3153 (Doc. No. 18);
    <u>Tarango v. McKesson Corp.</u>, C. 13-3070 (Doc. No. 17); <u>Harrison v. McKesson Corp.</u>,
25  13-3045, (Doc. No. 13); <u>Myers v. McKesson Corp.</u>, C. 13-3096, (Doc. No. 11); <u>Allender v.
    McKesson Corp.</u>, C. 13-3068 (Doc. No. 18); <u>Allen v. McKesson Corp.</u>, C. 13-3110 JSW
26  (Doc. No. 20); <u>Hargrove v. McKesson Corp.</u>, C. 13-3114 (Doc. No. 20); <u>Poff v. McKesson
    Corp.</u>, C. 13-3115 (Doc. No. 21); <u>Adams v. McKesson Corp.</u>, C 13-3102 (Doc. No. 19); and
27  <u>Alvarez v. McKesson Corp.</u>, C. 13-3112 (Doc. No. 18).

28
                                           3