IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSALYNN ALAIMALO, et al.,

    Plaintiffs,

  v.

MCKESSON CORPORATION, et al.,

    Defendants.

No. C 13-3146 MMC

**ORDER GRANTING DEFENDANT GLAXOSMITHKLINE LLC'S MOTION TO STAY; VACATING SEPTEMBER 6, 2013 HEARING**

    Before the Court is defendant GlaxoSmithKline LLC's motion, filed July 22, 2013, to "Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation to MDL 1871 (E.D.PA)." Plaintiffs have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 6, 2013, and rules as follows.

    The instant complaint "involves claims of death, personal injury, economic damages, punitive damages, and other claims of damage" arising from the use of Avianda[2]

---

[1] After briefing was complete, plaintiffs filed a Motion for Leave to File Sur-reply, attached to which is a proposed sur-reply, to which defendant has responded. The Court has considered the matters set forth in the proposed sur-reply and in defendant's response thereto, and, accordingly, plaintiffs' motion for leave is GRANTED.

[2] "Avianda" is one of several trade names for the pharmaceutical compound Rosiglitazone. (See Compl. ¶ 1.)

(see Compl. ¶ 1), brought on behalf of sixty-six named plaintiffs. A number of complaints raising similar claims are pending in a coordinated proceeding in the Eastern District of Pennsylvania, titled In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871. (See Boranian Decl., filed July 22, 2013, ¶¶ 2, 3.) On July 18, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the instant action to the Eastern District of Pennsylvania. See In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871, Doc. No. 1059. On August 7, 2013, plaintiffs filed a motion to vacate the conditional transfer order, see id., Doc. No. 1108; defendant's opposition thereto was filed August 23, 2013, see id., Doc. No. 1138, and the JPML has set the matter for hearing on September 26, 2013, see id., Doc. No. 1120.

Defendant requests this Court issue an order staying proceedings in the instant action pending the JPML's determination as to whether transfer is appropriate. Other than defendant's motion to stay, the only matter pending before the Court is plaintiffs' motion to remand, also noticed for hearing September 6, 2013. Accordingly, the issue now presented is, in effect, whether the Court should consider the merits of plaintiffs' motion to remand, or, instead, stay the instant action, with the understanding that, in the event of transfer, the motion will be heard by the transferee court.

Because a decision as to whether the instant action will be transferred will, in all likelihood, be made shortly by the JPML, the stay sought by defendant likely will be of limited duration. In light of the anticipated brevity of the stay, and no significant prejudice resulting from such stay having been identified by plaintiffs, the Court, in the interests of conserving judicial resources and promoting consistency in the determination of common issues,[3] finds a stay of the proceedings is appropriate. See Rivers v. Walt Disney Co., 980

---

[3] The issues presented by plaintiffs' motion to remand are whether McKesson Corporation is fraudulently joined as a defendant and whether the case is removable as a "mass action" pursuant to 28 U.S.C. § 1332(d)(11). The same issues have been raised in motions to remand filed in a number of other actions currently pending in this district, which actions have been stayed pending a decision by the JPML as to transfer to the Eastern

F. Supp. 1358, 1360 (C.D. Cal 1997) (identifying factors for court to consider when determining whether to stay action pending decision by JPML).

Accordingly, defendant's motion for a stay is hereby GRANTED.

In light of the stay, the September 6, 2013 hearing on plaintiffs' motion to remand is hereby VACATED.

**IT IS SO ORDERED.**

Dated: August 29, 2013

MAXINE M. CHESNEY
United States District Judge

---

District of Pennsylvania.  See, e.g., Flores v. McKesson Corp., C. 13-3153 (Doc. No. 18); Tarango v. McKesson Corp., C. 13-3070 (Doc. No. 17); Harrison v. McKesson Corp., 13-3045, (Doc. No. 13); Myers v. McKesson Corp., C. 13-3096, (Doc. No. 11); Allender v. McKesson Corp., C. 13-3068 (Doc. No. 18); Allen v. McKesson Corp., C. 13-3110 JSW (Doc. No. 20); Hargrove v. McKesson Corp., C. 13-3114 (Doc. No. 20); Poff v. McKesson Corp., C. 13-3115 (Doc. No. 21); Adams v. McKesson Corp., C 13-3102 (Doc. No. 19); and Alvarez v. McKesson Corp., C. 13-3112 (Doc. No. 18).